

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,970

### CHARLES D. RABY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPEAL IN CAUSE NO. 9407130
### FROM THE 248ᵀᴴ JUDICIAL DISTRICT COURT
### HARRIS COUNTY

RICHARDSON, J., filed a concurring opinion in which Keasler, Hervey, and Yeary, JJ., joined.

### C O N C U R R I N G  O P I N I O N

I join in this Court's decision to affirm the findings made by the trial court pursuant to Article 64.04. I write separately to address what is a small, yet significant, issue I have with the trial court's wording. At the time that Appellant filed his motion for DNA testing, the 2002 version of Article 64.04 required the trial judge to make a finding "as to whether

the results are favorable to the convicted person," and it explained that results are considered "favorable" if, had they been available before or during the trial of the offense, "it is reasonably probable that the person would not have been prosecuted or convicted."

Article 64.04 was amended in September of 2003, to eliminate the term "favorable." Article 64.04 now simply requires the trial court to make a finding as to whether, "had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." However, the amended statute requires essentially the same analysis by the trial court, and the trial court's finding should track the statutory language exactly as it is written. In other words, a trial court is instructed by Article 64.04 to find that, had the DNA results been available before or during trial, it is *either* reasonably probable that the person would not have been convicted, *or* it is *not* reasonably probable that the person would not have been convicted.

In this case, the trial court made the necessary finding under the 2002 version of Article 64.04 regarding whether the results would have been "favorable, " noting that "the results are not favorable" to the appellant. As pointed out in the majority opinion, the trial court focused on the proper application of the Article 64.04 standard. However, the trial court elaborated on its finding that the results were not favorable by stating that "had the DNA test results obtained under Chapter 64 been available in 1994, it is reasonably probable that Raby would have been prosecuted or convicted." This might have been an accurate

finding had the DNA results conclusively established Raby's guilt, but they did not. The DNA results in this case were "weak and incomplete." Therefore, by not correctly tracking the language of the statute, which would have required the use of a double negative, the trial court inaccurately altered the impact that the DNA results would have had at trial. In this case, stating the finding in an affirmative way (i.e., it *is* reasonably probable that Raby would have been prosecuted or convicted) does not mean the same as finding that it is *not* reasonably probable that Raby would *not* have been prosecuted or convicted. I believe this distinction is critical. In any event, however, the trial court sufficiently articulated its findings to correctly apply the standard under Article 64.04 and thus overcome what I believe was a misstatement in its findings.

FILED: April 22, 2015

DO NOT PUBLISH